
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL OGIDI-ABEGAJE,

                Plaintiff,

    -against-

NASSAU COMMUNITY COLLEGE,

                Defendant.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-5519 (JMA) (ARL)

**FILED**
**CLERK**

7/14/2020 3:15 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

JOAN M. AZRACK, District Judge:

    By Order dated March 10, 2020 ("Order"), the Court denied the applications to proceed *in forma pauperis* filed by *pro se* plaintiff Michael Ogidi-Abegaje ("plaintiff") without prejudice and with leave to renew upon completion of the AO 239 *in forma pauperis* application form. Alternatively, plaintiff was instructed that he may remit the $400.00 filing fee.

    On April 2, 2020, the Order was returned to the Court as undeliverable, was marked "Return to Sender/Attempted-Not Known/Unable to Forward." (Docket Entry 9.)   Accordingly, by Electronic Order dated April 6, 2020, in light of plaintiff's failure to comply and/or update his address and given the national emergency caused by the COVID-19 virus, the Court extended plaintiff's time to comply with the Order to May 6, 2020.   Plaintiff was also directed to provide the Court, in writing, with his current mailing address.   Like the Order, the Electronic Order was mailed to plaintiff at his address of record.

    On May 4, 2020, the Electronic Order was returned to the Court as undeliverable with the same notations as the earlier returned mail.   (*See* Docket Entry 10.)   Plaintiff was cautioned in both the Order and the Electronic Order that a failure to timely comply will lead to the dismissal

1

of the complaint without prejudice and judgment will enter. However, on May 8, 2020, plaintiff filed an unsigned long form application to proceed *in forma pauperis*. In addition, the application included a different address for plaintiff on the envelope as plaintiff's return address.

      Albeit untimely filed, given the national emergency caused by the COVID-19 virus, the Court accepts it for filing. However, because it is unsigned and does not provide any information concerning plaintiff's financial position, it is denied without prejudice. Plaintiff wrote $0.00 in response to every question on the form. Curiously, the envelope in which the application was mailed to the Court reflects that plaintiff sent it "Express Priority Mail" at a cost of $26.35. In addition, the address provided by plaintiff is a P.O. Box for which there is generally a monthly charge. Plaintiff also provides a telephone number. Again, there is generally a monthly charge for such service and plaintiff has not reported any expenses associated with that telephone number.

      Given that the responses provided by plaintiff raise more questions than they answer, together with the fact that the application is unsigned, it is denied without prejudice and with leave to renew upon completion of the long form application, in its entirety, and signed by plaintiff. Plaintiff is cautioned that this will be the final opportunity afforded to him to file a proper *in forma pauperis* application. As a one-time courtesy, the Court has updated plaintiff's mailing address to the P.O. Box reflected on his May 8, 2020 filing. However, plaintiff is reminded that he must file a Notice of Change of Address should his address change. It is well-established that "it is plaintiff's responsibility to inform the Court if his address has changed." Simmons v. Ramirez, 17-CV-00313, 2019 WL 3454484, *2 (S.D.N.Y. July 31, 2019); English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015)

("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Dong v. United States, 02-CV-7751, 2004 WL 385117, at *2 (S.D.N.Y. Mar. 2, 2004) (dismissing a *pro se* litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff is granted a final opportunity to file a complete, signed in forma pauperis application, together with a Notice of Change of address reflecting his current mailing address on or before August 14, 2020. Plaintiff is warned that his failure to timely comply will lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED**.                                              _____/s/ (JMA)_____
                                                                                    Joan M. Azrack
                                                                                    United States District Judge

Dated:   July 14, 2020
            Central Islip, New York