FILED
CLERK
12/28/2020 4:58 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

For Online Publication Only

MICHAEL OGIDI-ABEGAJE,

                Plaintiff,

    -against-

**ORDER**
19-CV-5519 (JMA) (ARL)

NASSAU COMMUNITY COLLEGE,

                Defendant.
----------------------------------------------------------X

JOAN M. AZRACK, District Judge:

    Before the Court is the application to proceed *in forma pauperis* filed by *pro se* plaintiff Michael Ogidi-Abegaje ("plaintiff") pursuant to the Court's July 14, 2020 Order.  (*See* ECF Nos. 13, 15.)  Upon review, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee.  Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.  However, for the reasons that follow, the complaint is *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for noncompliance with Federal Rule of Civil Procedure 8.

I.  BACKGROUND[1]

    Plaintiff's sparse complaint is submitted on the Court's general complaint form[2] and is brief.  (*See* ECF No. 1.)  Plaintiff invokes this Court's federal question subject matter jurisdiction and alleges that he has been deprived of his "right to an equal educational opportunity" by Nassau County Community College ("defendant").  (Compl. ¶ I. A.)  In its entirety, plaintiff alleges on

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, or grammar have not been corrected or noted.

[2] Plaintiff originally filed his complaint in the United States District Court for the Southern District of New York and used their complaint form, which is substantially the same as the Eastern District's form.  By transfer order dated September 23, 2019, the case was transferred to this Court.

the following facts:

> On 12/27/2018, I took the acceptance test of comprehension, sentence skills and arithmetic. I passed my acceptance test and had a 74 in arithmetic. I was sent an award letter from the NCC college financial aid office telling me that I have $3,000 in state grant and aid with $1,500 in Fall 2018 and $1,500 in Spring 2019. But they refused to pay me my NY State grant saying I have to take another acceptance test. NCC Community College violated New York State law on TAP as authorized by the Board of Regent.

(*Id.* ¶ III.) Plaintiff has left blank the space on the form complaint that calls for a description of any claimed injuries yet seeks a damages award in the sum of $150 million. (*Id.* ¶ IV.)

II. DISCUSSION

    A.    *In Forma Pauperis Application*

Upon review of plaintiff's declarations in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

    B.    Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted).

The Supreme Court has long held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

   C.  Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. Fed. R. Civ. P. 8(a)(2), *see Iqbal*, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted).

Here, as is readily apparent, plaintiff's complaint falls far short of the required pleading standard. Plaintiff's vague and sparse submission does not provide fair notice of the nature of his claims, and, even affording it a liberal construction, does not allege a plausible claim for relief. To the extent plaintiff attempts to allege a violation of the Equal Educational Opportunities Act of

1974, 20 U.S.C. §§ 1703 *et seq*. ("EEOA"), such claim is implausible. The EEOA prohibits the denial of equal educational opportunities on the basis of "race, color, sex or national origin." 20 U.S.C. § 1703. The EEOA creates a private cause of action for individuals who have been denied an opportunity for equal education, in addition to creating a cause of action for the Attorney General of the United States, who may institute a civil action on behalf of an individual protected by the statute. 20 U.S.C. § 1706; *United States v. City of Yonkers*, 96 F.3d 600 (2d Cir. 1996). Here, plaintiff alleges only that defendant "refused to pay me my NY State grant saying I have to take another acceptance test." (Compl. ¶ III.) Wholly absent from the complaint are any allegations from which the Court could plausibly infer that plaintiff's race, color, sex or national origin gave rise to the conduct of which plaintiff complains. Indeed, plaintiff does not include any allegations regarding his race, color, sex or national origin and, instead, suggests that the defendant's request that he re-take the acceptance test was because his score on the original test did not qualify him for the grant at issue. Thus, plaintiff thus fails to state a claim on which relief can be granted under the EEOA. *See Horne v. Flores*, 557 U.S. 433 (2009); *Bryan v. City Univ. of New York*, No. 20-CV-1627, 2020 WL 1434708, at *3 (S.D.N.Y. Mar. 23, 2020).

Similarly, to the extent that plaintiff seeks to allege that he was denied an equal educational opportunity under the Equal Protection Clause of the Fourteenth Amendment, such claim fails as a matter of law. It is long established that there is no fundamental right to education. *See San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 37 (1973) (holding that education is not a fundamental right under the Federal Constitution); *Martinez v. Malloy*, 350 F. Supp. 3d 74, 90 (D. Conn. 2018) (dismissing equal protection claim "[b]ecause there is no fundamental right to substantial equality of educational opportunity under the Equal Protection Clause). Thus,

plaintiff has not alleged a plausible equal protection claim.

Given plaintiff's *pro se* status, the Court has also considered whether plaintiff may invoke this Court's diversity subject matter jurisdiction to pursue any state law claims he may have against the defendant. However, because plaintiff resides in Hempstead, New York, and the defendant is located in Garden City, New York, the Court lacks diversity jurisdiction given plaintiff's allegations that all of the parties are citizens of New York. *See* Compl. ¶ II. A.-B.; *see also* 28 U.S.C. § 1332. For these reasons, any state law claims alleged in plaintiff's complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8.

III.   Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Id*. (citations omitted).

Here, in an abundance of caution, the Court grants plaintiff thirty (30) days, from the date of this Order, to amend his complaint to properly state a claim. Should plaintiff choose to file an amended complaint, the amended complaint must allege facts in support of his claims. Plaintiff is advised that an amended complaint replaces the original complaint in its entirety and therefore must include the basis for this Court's jurisdiction as well as all relevant claims and factual allegations giving rise to such claims. The amended complaint must be captioned as "Amended Complaint" and bear the same docket number as this Order: 20-CV-5519 (JMA)(ARL). If

submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915.  Should plaintiff prepare an amended complaint, he should carefully consider this Order and amend his claims accordingly.

If plaintiff fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within thirty (30) days without a showing of good cause for such failure, he will not have another opportunity to re-plead, and the Court will enter judgment.

IV.   CONCLUSION

For the forgoing reasons, the complaint is *sua sponte* dismissed without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for noncompliance with Federal Rule of Civil Procedure 8.  The Court grants plaintiff thirty (30) days to amend his complaint to properly state a claim.  If plaintiff again fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within thirty (30) days, he will not have another opportunity to re-plead, and the Court will enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his address of record.

**SO ORDERED**.                                                             ____/s/ (JMA)_____
                                                                                             Joan M. Azrack
Dated:   December 28, 2020                                             United States District Judge
             Central Islip, New York