FILED
CLERK
6/1/2021 5:26 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

For Online Publication Only

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL OGIDI-ABEGAJE,

                    Plaintiff,

      -against-

NASSAU COMMUNITY COLLEGE,
NASSAU COUNTY,

                  Defendants.
----------------------------------------------------------X

**ORDER**
19-CV-5519 (JMA) (ARL)

**JOAN M. AZRACK, District Judge:**

      On January 29, 2021, *pro se* plaintiff Michael Ogidi-Abegaje ("plaintiff"), who is proceeding *in forma pauperis*, filed an amended complaint pursuant to the Court's December 28, 2020 Order. (*See* ECF Nos. 16-17.) For the reasons that follow, the amended complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a. The Clerk of the Court is directed to enter judgment and to mark this case closed.

## I. BACKGROUND[1]

      By Order dated December 28, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismissed the complaint without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for noncompliance with Federal Rule of Civil Procedure 8. (*See* ECF 16, *generally*.) The Order made clear that that Plaintiff's "vague and sparse submission" did not provide fair notice of the nature of his claims (ECF No. 16 at 3), and carefully reviewed the minimal pleading requirements for his claims,

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, or grammar have not been corrected or noted.

liberally construed, as brought pursuant to the Equal Educational Opportunities Act of 1974, 20 U.S.C. §§ 1703 *et seq*. ("EEOA") and under the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 3-5.) Notwithstanding the Court's guidance, Plaintiff's amended complaint ignores the pleading requirements of Federal Rule of Civil Procedure 8 and fails to allege a plausible claim for relief.

Like Plaintiff's original complaint, his sparse amended complaint is submitted on the Court's general complaint form and names Nassau County Community College as the sole defendant ("defendant"). (*See* ECF No. 17.) Plaintiff again invokes this Court's federal question subject matter jurisdiction and alleges that he has been deprived of his "civil rights to the 14th Amendment to protect the right to a public education." (Am. Compl. ¶ II.A., ECF No. 17 at 2.) In its entirety, plaintiff alleges a single sentence as his "Statement of Claim":

> Nassau Community College violated New York tuition assistance program by denying me my TAP award despite my eligibility.

(*Id.* ¶ III, ECF No. 17 at 4.) For relief, Plaintiff alleges: "I want to sue for damages for $75 million dollars for denying me my TAP award for relief pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii). (*Id.* ¶ IV, ECF No. 17 at 4.)

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* amended complaint liberally and interpret it as raising the strongest arguments it suggests. *United States v. Akinrosotu*, 637 F.3d

2

165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted).

A *pro se* plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

"The Federal Rules of Civil Procedure provide that the complaint should contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2). Thus, 'the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. Fed. R. Civ. P. 8(a)(2), *see Iqbal*, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted).

B.    **Application**

As is readily apparent, Plaintiff's vague and scant amended complaint does not allege a plausible claim for relief even affording it a liberal construction.  Plaintiff's amended complaint is even sparser than his original complaint.[2]  Plaintiff alleges only that defendant violated his "civil rights to the 14th Amendment to protect the right to a public education" when it "denied me my TAP Award despite my eligibility."  (Am. Compl. ¶¶ II.A., III.)  To the extent that plaintiff seeks to allege that he was denied an equal educational opportunity under the Equal Protection Clause of the Fourteenth Amendment, such claim fails as a matter of law.  As the Court already apprised plaintiff in the December 28, 2020 Order, "[i]t is long established that there is no fundamental right to education.  *See San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 37 (1973) (holding that education is not a fundamental right under the Federal Constitution); *Martinez v. Malloy*, 350 F. Supp. 3d 74, 90 (D. Conn. 2018) (dismissing equal protection claim "[b]ecause there is no fundamental right to substantial equality of educational opportunity under the Equal Protection Clause)."  (ECF No. 16 at 4.)  Additionally, Plaintiff has not alleged that he was a member of any protected class and that discrimination played any role in this denial.  Thus, Plaintiff has not alleged a plausible equal protection claim or claim under the Equal Educational Opportunities Act of 1974, 20 U.S.C. §§ 1703 et seq.

Insofar as Plaintiff seeks to challenge, under state law, defendant's application of the "New York tuition assistance program by denying me my TAP award despite my eligibility"[3], this Court

---

[2] Even if the Court were to consider the factual allegations in both complaints, Plaintiff has clearly failed to plead any plausible federal claims.

[3] *Hayes v. City Univ. of New York*, 503 F. Supp. 946, 957 (S.D.N.Y. 1980), *aff'd sub nom. Hayes v. Hum. Res. Admin. of City of New York,* 648 F.2d 110 (2d Cir. 1981) ("The statute creating the TAP program, N.Y. Education Law § 667 . . . makes clear that the purpose of the program is to pay a student's tuition.").

lacks subject matter jurisdiction to adjudicate this state law claim. To establish diversity jurisdiction under 18 U.S.C. § 1332, there must be complete diversity of citizenship between the plaintiffs and the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Here, because plaintiff resides in Hempstead, New York, and the defendant is located in Garden City, New York, the Court lacks diversity jurisdiction given plaintiff's allegations that all of the parties are citizens of New York. *See* Am. Compl. ¶ II. A.-B.; *see also* 28 U.S.C. § 1332.

Furthermore, the Court declines to exercise supplemental jurisdiction over any state law claims given the dismissal of Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For these reasons, plaintiff's federal claims are dismissed with prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims Plaintiff seeks to raise are dismissed without prejudice.

### III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo*

*v. City of New York*, 579 F.3d 176 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Id*. (citations omitted).

Here, given that Plaintiff has already been afforded an opportunity to amend his complaint, further amendment would be futile. This is particularly apparent here because plaintiff ignored the Court's warning in the December 28, 2020 Order: "Should plaintiff prepare an amended complaint, he should carefully consider this Order and amend his claims accordingly." (ECF No. 16 at 6.) Accordingly leave to further amend the complaint is denied.

## IV. CONCLUSION

For the forgoing reasons, plaintiff's federal claims are dismissed with prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims Plaintiff seeks to raise are dismissed without prejudice.

The Clerk of the Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his address of record.

**SO ORDERED**.  _____/s/ (JMA)_____
Joan M. Azrack
Dated: June 1, 2021   United States District Judge
Central Islip, New York